IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARC S. CASON, SR. #180-571
            Plaintiff          :

            v.               :   CIVIL ACTION NO. CCB-06-2032

Maryland Division of Correction, et al.,   :
            Defendants

**MEMORANDUM**

Marc S. Cason, Sr. currently is confined at the Roxbury Correctional Institution in Hagerstown. On August 3, 2006, he filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 seeking compensatory and punitive damages against correctional personnel for serious injuries he suffered when he was stabbed by a fellow prisoner at the Maryland House of Correction ("MHC") on August 25, 1997. His motion seeking to file *in forma pauperis* pursuant to 28 U.S.C. §1915(a) shall be granted.

Under doctrine of res judicata, a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action. *See Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000), *quoting Montana v. US*, 440 U.S. 147, 153 (1979); *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine precludes litigants from retrying issues that were or could have been raised in a prior action. For the doctrine to apply, there must be (1) a final judgment on the merits in the prior suit; (2) an identity of the cause of action; and (3) an identity of the parties or their privies. *See Meekins v. United Transportation Union*, 946 F.2d 1054, 1057 (4th Cir. 1991).

These claims were previously filed against the Maryland Division of Correction, Theresita Jackson, EMSA Medical Services, and additional corrections personnel and fully adjudicated in

*Cason v. Maryland Division of Correction, et al.*, Civil Action No. CCB-00-2115 (D. Md.).[1]

To the extent that plaintiff seeks to hold Nurse Barbara Peace liable for exacerbating his injuries several days after the injury, such claim clearly is barred by the statute of limitations. In enacting 42 U.S.C. § 1983, Congress determined that gaps in federal civil rights acts should be filled by state law, provided such law is not inconsistent with federal law.  *See Burnett v. Grattan*, 468 U.S. 42, 47-48 (1984).  Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law.  *Id*., at 49; *Chardon v. Fumero Soto*, 462 U.S. 650, 655-656 (1983); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464 (1975). The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the State's judgment on the proper balance between the policies of repose and the substantive polices of enforcement embodied in the state cause of action." *Wilson v. Garcia*, 471 U.S. 261, 271 (1985).  Consequently, upon review of Maryland's limitations provisions, it appears that Maryland's general three-year statute of limitations for civil actions is most applicable to the § 1983 case at bar.[2]  *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101. (1998 Repl. Vol.)

Although the state statute of limitations applies, the time of accrual of the action is a federal

---

[1]      Plaintiff was represented by counsel.  On January 31, 2003, the undersigned granted summary judgment in favor of the correctional and medical defendants.  That decision was upheld on appeal.

[2]      Maryland law allows the tolling of the statute of limitations for individuals who are mentally incompetent. Md. Code Ann., Cts. & Jud. Proc., § 5-201 (1998 Repl. Vol).  However, only those plaintiffs "who are insane and 'unable to manage [their] business affairs or estate, or to comprehend [their] legal rights or liabilities' are able to take advantage of § 5-201." *Doe v. Maskell*, 342 Md. 684, 698, 679 A.2d 1087, 1094 (1996) (quoting *Decker v. Fink*, 47 Md. App. 202, 207, 422 A.2d 389, 392 (1980)).  Such a claimant must "file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed."  Md. Code Ann., Cts. & Jud. Proc., § 5-201(a) (1998 Repl. Vol.)  There is no allegation or showing that plaintiff has been adjudicated incompetent.

question.  *See Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975).  The running of the statute of

limitations begins when plaintiff knows or has reason to know of his injury. (*Id.*)  Here, plaintiff

knew of his injuries at the time Nurse Peace allegedly dropped him on the floor, two or three days

after the stabbing incident.  Because plaintiff failed to file the instant complaint until nearly six

years after the alleged injury, it is clear that the statute of limitations now bars consideration of his

claim.  Plaintiff's lawsuit accordingly will be dismissed in its entirety pursuant to 28 U.S.C. §

1915(e).

A prisoner or detainee whose lawsuit is dismissed pursuant to 28 U.S.C. Section § 1915(e)

is subject to certain sanctions under the Prison Litigation Reform Act (PLRA).[3]  Plaintiff is hereby

notified that under the PLRA he may be barred from filing future suits *in forma pauperis* if he

continues to file civil actions that are subject to dismissal as frivolous or malicious under § 1915(e)

or for the failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

---

[3]    The PLRA enacted in 1996, amended 28 U.S.C. § 1915 to include subsection (g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
> or proceeding under this section if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility, brought an action or appeal in a
> court of the United States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be granted, unless
> the prisoner is under imminent danger of serious physical injury.

As the Court interprets this provision of the Act, once three such dismissals under § 1915(e) or Rule
12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner shall be barred from initiating
further civil actions *in forma pauperis*, absent extraordinary circumstances.  This lawsuit represents plaintiff's
"second strike" under the PLRA.  *See Cason v. Maryland Division of Parole and Probation*, Civil Action No. CCB-
06-1186 (D. Md.).

A separate order of dismissal shall be entered reflecting the opinion set forth herein.

_____August 21, 2006_____                    _____/s/_____
Date                                            Catherine C. Blake
                                                United States District Judge

-4-